IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON P. SHERWOOD | ) | |
| | ) | |
| v. | ) | NO. 3:12-0926 |
| | ) | |
| DWIGHT BARBEE | ) | |

TO:     Honorable Aleta A. Trauger, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered February 26, 2013 (Docket Entry No. 35), the Court referred the instant petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the respondent's motion to dismiss (Docket Entry No. 8), to which the petitioner has filed a multitude of responses. See Docket Entry Nos. 19, 20, 23, 27, 29, 33, 38, 39, 42, 43, and 44. Also before the Court is the respondent's reply (Docket Entry No. 26). For the reasons set out below, the Court recommends that the motion to dismiss be granted and the petition be dismissed.

**I. PETITION AND BACKGROUND**

The petitioner is currently an inmate of the Tennessee Department of Correction ("TDOC") and is confined at the South Central Correctional Facility in Clifton, Tennessee. On March 3, 2005, a jury in Davidson County, Tennessee found the petitioner guilty of two counts of premeditated first-degree murder, two counts of felony first-degree murder, and one count of attempted premeditated

first-degree murder. For these crimes, he was sentenced to imprisonment for life with the possibility of parole for the murder counts and twenty-five years imprisonment for the attempted murder count. The convictions and sentences were affirmed by the Tennessee Court of Criminal Appeals on January 26, 2007, State v. Sherwood, 2007 WL 189376 (Tenn. Crim. App. Jan. 26, 2007), see Docket Entry No. 10-13, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal on May 14, 2007. See Docket Entry No. 10-15.

The petitioner thereafter filed a petition for post-conviction relief in the state court, which was denied. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief petition on June 17, 2011, see Docket Entry No. 10-23, and the Tennessee Supreme Court denied the petitioner's application for permission to appeal on September 21, 2011. See Docket Entry No. 10-25. The petitioner also sought additional relief in the state courts by filing an unsuccessful petition for a writ of mandamus. The petitioner's appeal from the dismissal of the petition was denied by the Tennessee Court of Criminal Appeals on April 8, 2010.

On January 24, 2012, the petitioner then filed a motion with the Sixth Circuit Court of Appeals for authorization to file a second or successive application for relief under Section 2254. On August 7, 2012, the Sixth Circuit denied that motion, finding that the motion was improperly filed and that no authorization was required under 28 U.S.C. § 2244(b) because the petitioner had not previously filed a petition for relief under Section 2254. See Docket Entry No. 26-1.

Approximately one month later, on September 10, 2012, the petitioner filed the instant pro se petition (Docket Entry No. 1) for habeas corpus relief under 28 U.S.C. § 2254 raising the following four grounds for relief: (1) that exculpatory evidence was withheld from him in pretrial proceedings and at trial, id. at 5; (2) that he was denied the opportunity to confront a police detective who was the declarant on a search warrant because the officer was not a witness during the criminal trial, id. at 6-7; (3) that the jury included a juror who was prejudiced against him but was permitted to remain on the jury, id. at. 8; and (4) that the trial judge prevented his counsel from using all of his peremptory challenges. Id. at 10.

2

By Order entered September 14, 2012 (Docket Entry No. 3), the respondent was ordered to answer, plead, or otherwise respond to the petition. In lieu of an answer, the respondent has filed the pending motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

The respondent argues that the petition should be dismissed because it was not timely filed within the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) for the filing of a federal habeas corpus petition. The respondent asserts that the statute of limitations began to run on August 14, 2007, upon the expiration of the 90 day period within which he could seek a writ of certiorari in the United States Supreme Court from the denial of his direct appeal. The respondent contends that, after 151 days had run, the statute of limitations was tolled, pursuant to 28 U.S.C. § 2244(d)(2), from January 11, 2008, through September 21, 2011, when the petitioner's state post-conviction relief proceeding was pending. Once the statute of limitations began to run again on September 22, 2011, the respondent asserts that the petitioner had until April 23, 2012, to file the instant petition before the expiration of the statute of limitations, but the petitioner did not file his petition until September 10, 2012, which was several months after the statute of limitations had expired.

The petitioner contends that his filing a motion in the Sixth Circuit Court of Appeals for authorization to file a second or successive petition, even though not granted, should act to toll the statute of limitations for a variety of reasons set out in his multiple filings.[1] He argues that he has diligently attempted to pursue his rights and that principles of equitable tolling should be applied to allow his federal habeas corpus claims to be heard on their merits.

---

[1] The petitioner made numerous filings subsequent to the respondent's filing of the motion to dismiss. Some of the filings are solely responses to the motion to dismiss and some are styled as motions for various type of relief but also include arguments related to the motion to dismiss. Although the Court has, by separate Order, addressed the filings that have been docketed as motions, in the interest of justice and in recognition of the petitioner's pro se status, the Court has considered all of the petitioner's filings as a collective response in opposition to the motion to dismiss.

# III. LEGAL CONCLUSIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established a one year limitations period during which a state prisoner can bring a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1) provides that the one year limitations period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The petitioner's judgment of conviction became final for the purposes of the statute of limitations on August 13, 2007, when the 90 day period within which he could seek a writ of certiorari in the United States Supreme Court from his direct appeal expired. See Bronaugh v. Ohio, 235 F.3d 280, 283-84 (6th Cir. 2000). It was at this point that the one year statute of limitations for filing his 28 U.S.C. § 2254 petition began to run.[2]

The instant petition was filed on September 10, 2012. Because the petition is thus untimely on its face, its review is barred by the statute of limitations unless the petitioner shows that either statutory or equitable tolling applies.

The basis for statutory tolling is set out in 28 U.S.C. § 2244(d)(2), which provides that:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitations under this subsection.

---

[2] The petitioner has not shown that one of the other three triggering events set out in Section 2241(d)(1)(B), (C), or (D) should be used instead of the date upon which his conviction became final.

4

In the instant action, statutory tolling applies to the time period when the petitioner's state post-conviction relief proceeding was pending and encompasses the time from the filing of his state petition for post-conviction relief to the conclusion of his appeals in the state court, specifically, January 11, 2008, through September 21, 2011. Unlike direct review of a judgment of conviction, the statute of limitations is not tolled during the ninety day period during which the petitioner could have petitioned the United States Supreme Court for a writ of certiorari for review of the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 127 S. Ct. 1079, 166 L.Ed.2d 924 (2007).

Furthermore, statutory tolling does not apply to the time period when the petitioner's motion to the Sixth Circuit Court of Appeals for authorization to file a second or successive petition was pending. The United States Supreme Court has held that the filing of an application for habeas corpus review does not fall within the language of Section 2244(d)(2) because it is not an "application for State post-conviction or other collateral review." Duncan v. Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). If the filing of an actual habeas petition does not provide a basis for statutory tolling under Section 2244(d)(2), then the filing of a motion to file a second or successive habeas petition necessarily cannot provide a basis for statutory tolling under Section 2244(d)(2).

When the period of statutory tolling is applied, the petitioner had 214 days remaining after September 21, 2011, to file his federal habeas corpus petition, or until April 23, 2012. However, the petition was not filed until September 6, 2012.[3] Accordingly, the petitioner must show that equitable tolling applies to excuse the untimely filing of his petition for habeas corpus relief.

The doctrine of equitable tolling allows a court to toll the statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552,

---

[3] Although the petition was not received by the Clerk until September 10, 2012, the respondent acknowledges that the petition was delivered to prison officials by the petitioner for mailing on September 6, 2012, and that this date is the date when the petition was constructively filed in accordance with Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002).

5

560-61 (6th Cir. 2000). The statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, equitable tolling should be applied sparingly by federal courts. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001); Graham-Humphreys, 209 F.3d at 560. The petitioner bears the burden of persuading the Court that he is entitled to equitable tolling of the limitation period. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002). To carry this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance prevented the timely filing of his petition. Holland, 130 S.Ct. at 2562; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Robertson v. Simpson, 624 F.3d 781, 783-84 (6th Cir. 2010).[4]

None of the arguments made by the petitioner warrant equitable tolling in this action and the petition for habeas corpus relief should be dismissed as untimely filed.

The petitioner argues that his habeas corpus petition was effectively filed when he filed his motion for authorization to file a second or successive petition with the Sixth Circuit because his motion was presented to a federal court and concerned his habeas corpus claims. See Docket Entry Nos. 19 and 20. The Court is not persuaded by this argument. A motion for authorization to file a second or successive petition is not itself an application or petition for a writ of habeas corpus. See Fierro v. Cockrell, 294 F.3d 674 (5th Cir. 2002). As such, the petitioner's filing of the motion for authorization cannot be deemed to amount to the constructive filing of his actual habeas corpus petition. The filing date of his motion to the Sixth Circuit simply has no effect upon the filing date of the actual petition for habeas corpus relief he ultimately filed. Similarly, there is no merit to the petitioner's arguments, see Docket Entry Nos. 43 and 48, that the petition for habeas relief filed in

---

[4] At various points in his filings, the petitioner refers to the five factor analysis for determining equitable tolling as set out in Dunlap, 250 F.3d at 1008. However, the use of this analysis has been replaced in habeas corpus cases by the diligence and extraordinary circumstances test set out in Holland v. Florida. See Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749-50 (6th Cir. 2011).

6

September 2012, should somehow be linked to the action he filed in the Sixth Circuit so that both proceedings should be viewed as a single proceeding.

The petitioner also argues that his motion should have been transferred to the correct court because it was erroneously or mistakenly filed. See Docket Entry No. 29. This argument is likewise unpersuasive. The facts of this case do not show that the petitioner's filing in the Sixth Circuit was actually a petition for habeas relief that had been erroneously or mistakenly filed and, thus, was subject to transfer to the district court in accordance with Rule 22 of the Rules of Appellate Procedure.[5] The Court notes that, in its Order denying the petitioner's motion, the Sixth Circuit expressly declined to transfer the case to the district court. See Docket Entry No. 23-1.

The petitioner also appears to argue that, after the Sixth Circuit action was filed, he sought to have the action transferred to the district court but his request was ignored and, thus, he was prevented from pursuing his habeas action in the correct court. See Docket Entry No. This argument is unpersuasive for several reasons. First, as noted herein, the petitioner did not ever submit to the Sixth Circuit an actual petition for habeas corpus relief that could have been transferred. Second, the petitioner's motion to withdraw his Sixth Circuit case and transfer the action to the district court was filed on July 19, 2012, which was beyond the expiration of the statute of limitations. Finally, irrespective of the filing he made in the Sixth Circuit, there was nothing that prevented the petitioner from actually filing a petition for habeas corpus relief in the district court.

The petitioner's repeated references to Rule 4 of the Rules of Appellate Procedure regarding mistaken filings, see Docket Entry Nos. 29, 33, 42, and 48, are irrelevant because Rule 4 addresses only notices of appeal that are mistakenly filed. Although the petitioner may have believed what he

---

[5] The Court's review of the Sixth Circuit docket and record in Sherwood v. State of Tennessee, No. 12-5138, shows that what petitioner filed in the Sixth Circuit was a completed form complaint used to seek authorization to file a second habeas petition in the district court. Although the petitioner complained about the actions of the state courts in his filing, the filing was clearly not an original petition for habeas corpus relief under Section 2254 that was intended to be filed in the district court but was mistakenly sent to the Sixth Circuit Court of Appeals.

7

filed with the Sixth Circuit was an appeal, his filing was not an appeal as of right and certainly did not involve a notice of appeal within the scope of Rule 4.

The petitioner also contends that his lack of knowledge of the law and his lack of access to legal information and a law library warrant equitable tolling. See Docket Entry No. 27. These arguments lack merit. The petitioner's lack of education and knowledge about the law do not trigger equitable tolling. The Sixth Circuit "has repeatedly held 'that ignorance of the law alone is not sufficient to warrant equitable tolling.'" Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004), quoting Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991). Moreover, given the clear language in 28 U.S.C. § 2244(d)(1), the petitioner is presumed to have knowledge of the time limits for filing a habeas petition. Allen, 366 F.3d at 403. Further, generalized complaints about the inadequacy of prison legal materials or access to legal materials do not constitute grounds for equitable tolling. Given the extraordinary nature of equitable relief, the petitioner must make more than generalized statements and must show specific efforts to diligently pursue his federal habeas remedy that were thwarted by extraordinary circumstances beyond his control. See Wright v. Jones, 2010 WL 5024033 (10th Cir. Dec. 10, 2010) (generalized grievance of lack of access to legal materials is not sufficient to support equitable tolling); Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000) (claim of insufficient access to relevant law is not sufficient to support equitable tolling); Bell v. Secretary, Dep't. of Corr., 2007 WL 2614133 (11th Cir. Sept. 12, 2007) (equitable tolling did not apply when there was no record of evidence that petitioner requested access to prison legal materials during one year limitations period); Jones v. Gundy, 100 F.Supp.2d 485, 488 (W.D.Mich. 2000) (inmate's broad claim of lack of access to legal materials and failure to explain period of several years when he took no action to protect his rights warranted denial of equitable tolling). The petitioner simply has not shown that he could not have filed a timely petition because of issues with the access to or quality of prison legal materials.[6]

---

[6] The Court notes that documents pertaining to a grievance filed by the petitioner about the prison law library at the West Tennessee State Penitentiary concern events occurring in November 2012, which was well beyond both the actual filing of the petition and the time period within which an actual petition could have been timely filed. See Docket Entry No. 27-2.

The petitioner also contends that the Assistant Attorney General who represented the state before the Sixth Circuit in responding to his motion for authorization did not inform him of the deadline for filing his habeas corpus petition. See Docket Entry No. 29. This contention, even if true, provides no basis for equitable tolling. Indeed, if anything, the initial response filed by the respondent in the Sixth Circuit proceedings on February 24, 2012, alerted the petitioner to the fact that he had never filed a petition for relief under Section 2254 in the district court.

The petitioner has simply not shown the existence of extraordinary circumstances that require that the statutory deadline for filing his petition for relief under Section 2254 be set aside and his untimely petition be reviewed. While he may have been diligent in attempting to pursue what he believed were errors in the state courts, his failure to do so in the proper manner was simply the result of ordinary neglect and error. Such circumstances do not rise to the level of extraordinary circumstances.

## R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 8) be GRANTED and this petition be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge