# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON SHERWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-0926 |
| | ) | |
| DWIGHT BARBEE, | ) | Judge Trauger |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Before the court are the petitioner Jason Sherwood's objections (ECF No. 55 and 56)[1] to Magistrate Judge Griffin's Report and Recommendation (ECF No. 52), recommending that the respondent's motion to dismiss Sherwood's § 2254 habeas petition as barred by the statute of limitations be granted. Also before the court is Sherwood's Motion for Review by District Court (ECF No. 56). Insofar as the latter motion seeks the district court's review of his objections, the motion will be granted in accordance with 28 U.S.C. § 636(b)(1)(C), which requires the district judge to consider *de novo* any portion of a report and recommendation regarding a dispositive motion to which a party objects.

With respect to the petitioner's actual objections, for the reasons set forth herein, the court will overrule the objections, adopt the R&R, grant the respondent's motion to dismiss, and dismiss the petition under § 2254 as barred by the statute of limitations.

## I. PROCEDURAL BACKGROUND

On March 3, 2005, Sherwood was convicted by a jury of two counts of premeditated first-degree murder, two counts of felony murder (which the trial court merged with the first-degree murder convictions), and one count of attempted first-degree murder. The trial court sentenced him to two consecutive life sentences plus twenty-five years. The Tennessee Court of Criminal Appeals affirmed the

---

[1] At Docket Entry No. 55, the petitioner filed a document titled "Objections to Magistrate Griffins Report and Recommendation" (ECF No. 55, at 3), but which also incorporates a "Motion for the Transfer of the Entire and Complete Habeas Corpus Petition with Briefs from the Sixth Circuit Court of Appeals to the U.S. Middle District Court at Nashville Tennessee, For a Full and Fair Review, Case No. 12-5138" (ECF No. 55, at 2). The document filed at Docket Entry No. 56 is entitled "Appeal of Magistrate Griffins Report and Recommendation in Addendum to Objections. Motion for Review by District Court Judge Trauger." The Court construes both these documents together as objections to the R&R.

conviction and sentence on January 26, 2007, and the Tennessee Supreme Court denied the petitioner's application for permission to appeal on May 14, 2007. The time for filing a petition with the United States Supreme Court for a writ of certiorari expired on August 13, 2007.[2]

Sherwood filed his petition for post-conviction relief in the state trial court on January 11, 2008. The trial court denied the petition; the Tennessee Court of Criminal Appeal affirmed that decision on June 17, 2011, and the Tennessee Supreme Court denied the application for permission to appeal on September 21, 2011.

On January 26, 2012,[3] the petitioner filed a motion in the Sixth Circuit using the form application for authorization to file a second or successive application for relief under § 2254,[4] submitted along with copies of the portions of the state-court criminal record in his possession. The state attorney general filed a response on February 24, 2012, stating in the opening paragraph:

> In Sherwood's current motion, he seeks authorization to file a second habeas petition. However, because Sherwood has never filed a first petition for writ of habeas corpus with the district court, his request to file a second or successive petition should be denied as premature. Moreover, it is unclear from Sherwood's application the exact claim or claims he is attempting to assert. (See Appendix G.) As such, the application fails to meet the requirements of 28 U.S.C. § 2244(b) and should be denied.

*In re Sherwood*, No. 12-5138 (6th Cir. Feb. 24, 2012) (Gov't's Response to Petition, Document No. 006111225781). On July 15, 2012, after having filed a reply to the government's response as well as several different motions and addenda to his motions, Sherwood filed in the Sixth Circuit a "Motion to Withdraw habeas corpus and writ of certiorari and transfer to court of jurisdiction, Federal District Court, Middle District, Nashville, Tennessee." *Id.* (6th Cir. July 15, 2012) (Document No. 006111386666).

On August 7, 2012, the Sixth Circuit denied the petitioner's motion to file a second or successive

---

[2] The ninetieth day after the Tennessee Supreme Court denied the application for permission to appeal, August 12, 2007, fell on a Sunday, so the time for filing a petition for the writ of certiorari expired on Monday, August 13, 2007.

[3] Under Tennessee law and federal law, a prisoner's court filing is generally deemed filed on the day the prisoner submits the document to prison officials for filing. *See* Tenn. R. Civ. P. 5.06; *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002). In this case, the petition includes a certificate of service stating it was "transcribed copy mailed January 24, 2012" (ECF No. 1, at 4), but the prisoner's signature on the petition—in two different places—is dated January 26, 2012. The court must therefore presume that the petition could not have been given to prison authorities prior to that date. Regardless, this discrepancy does not affect the court's ruling.

[4] The court notes that this form motion does not display a title of any kind to indicate what type of motion it is.

petition as premature and therefore "unnecessary," and denied the motion to transfer the case to the district court on the same grounds. *In re Sherwood*, No. 12-5138 (6th Cir. Aug. 7, 2012) (Order, Document No. 0061113921513) ("Sherwood's motion for authorization to file a second or successive § 2254 petition is denied as unnecessary, as is his motion to transfer this case to the district court.").

On September 6, 2012, the petitioner submitted his § 2254 habeas petition to this court. Instead of an answer, the respondent filed a motion to dismiss the petition on the grounds that it was barred by the statute of limitations.

Magistrate Judge Griffin entered a very thorough and well reasoned R&R addressing the motion to dismiss, finding that the petition was time-barred on its face and therefore subject to dismissal unless the petitioner could establish equitable tolling. Judge Griffin carefully considered all of the petitioner's numerous arguments that were submitted in several different documents before concluding that the petitioner had not presented a viable basis for equitable tolling and, therefore, recommending that the motion to dismiss be granted and that the habeas petition be denied.

## II.    OBJECTIONS

Sherwood raises a large number of objections to the magistrate judge's ruling, set forth in his original objections (ECF No. 55) and the "addendum" to these objections (ECF No. 56).

Three of the objections do not actually address the basis for the magistrate judge's finding that the petition is barred by the statute of limitations. These are as follows:

(1) that the magistrate judge's articulation of the four grounds for relief set forth in the habeas petition omitted several other grounds for relief that the petitioner sought to pursue, including several claims of ineffective assistance of counsel as well as a claim that exculpatory evidence was withheld by the prosecutor under Rule 16(a)(2) of the Tennessee Rules of Criminal Procedure, which, according to the petitioner, inappropriately authorizes the non-disclosure of witness statements and police reports;

(2) that the magistrate judge failed to make any reference in the R&R to the claims raised in the petitioner's federal court complaints challenging the conditions of his confinement; and

(3) that on page 5 of the R&R, the magistrate judge omitted any reference to the petitioner's briefs submitted to the Sixth Circuit "asserting the right to appeal the denial of certiorari" by the Tennessee Supreme Court; the petitioner asserts that these briefs "detail[e]d the errors under fairness

and due process" and should have been considered to supplement (or, as the petitioner states, were "in addendum to") the "application form to file a second or successive petition." (ECF No. 55, at 7.)

The plaintiff also raises a number of overlapping and generally redundant objections focused on the Sixth Circuit's refusal to consider his filing in that court as a habeas petition and its refusal to transfer the motion in that court to the district court to be handled as a § 2254 petition. More specifically, he objects:

(4) that Judge Griffin did not require the respondent to submit the entire record from the proceedings before the Sixth Circuit Court of Appeals, including the petitioner's brief and "original search warrant" (ECF No. 55, at 1), as well as other documents (*see* ECF No. 56, at 2);

(5) that the fraudulent concealment of these documents (either from this court or from the Sixth Circuit) constitutes a basis for tolling the statute of limitations. The petitioner insists that his Sixth Circuit filings included an "addendum petition" that named Derrick Schofield, Commissioner of the Tennessee Department of Correction, as a respondent and included copies of additional parts of the underlying record. The petitioner maintains that these documents were not docketed by the Sixth Circuit Court Clerk and were withheld from the district court in violation of Rule 4(d) of the Federal Rules of Appellate Procedure.

(6) That in the third paragraph of page 2 of her R&R, Magistrate Judge Griffin's reference to the petitioner's motion in the Sixth Circuit for authorization to file a second or successive petition is "incomplete" because it does not state that the "petitioner submitted an application for habeas claim in addendum to briefs describing in detail the first time appeal to the habeas claims, to the Sixth Circuit Court of Appeals" (ECF No. 55, at 2);

(7) that the statement in the fourth paragraph of page 2 of the R&R, to the effect that the petitioner filed his *pro se* habeas petition approximately a month after the Sixth Circuit denied his motion in that court (*see* R&R, ECF No. 52, at 2) is inaccurate, because "[t]he resubmission of the habeas petition was filed into the District Court when the Court Clerk Leonard Green failed to comply with the motion for transfer of original habeas petition 12-5138 into the district court to ensure . . . judicial relief" (ECF No. 55, at 3; *see also* ECF No. 56, at 4 (further insisting that the filing in this court was a "resubmission"));

(8) that the Sixth Circuit (and more specifically, Clerk of Court Leonard Green) failed to transfer the petitioner's Sixth Circuit filing to the district court under Rule 4 of the Federal Rules of Appellate Procedure as soon as it was apparent that the petitioner sought a habeas "appeal." The petitioner states: "If there was any doubt . . . as to whether this was just an application form for a second or successive habeas petition or an application form and a notice of appeal as of right with briefs, then 6th Cir[cuit] Court Clerk Leonard Green should have forwarded the habeas documents to the district court under rule 4 as a precaution to avoid violating the petitioner's right to appeal and access to the courts." (ECF No. 55, at 7–8.) In his addendum, the petitioner objects more specifically to the magistrate judge's purported failure to address the application of Rule 4(d) of the Federal Rules of Appellate Procedure. (ECF No. 56, at 5.)

(9) Similarly, the petitioner insists that Tennessee law and the Tennessee Rules of Appellate Procedure required the Sixth Circuit to consider the substance rather than the form of his petition in that court. (*See* ECF No. 55, at 9–10.)

(10) The petitioner objects to the magistrate judge's finding at page 7 of the R&R that "the petitioner did not ever submit to the Sixth Circuit an actual petition for habeas corpus relief that could have been transferred." (ECF No. 56, at 5.) The petitioner asks: "How would the court know the contents of the petition if it was never transferred from the 6th Cir. to the district court?" (*Id.*) The petitioner expressly objects "to the Courts determination of this allegation without reviewing the entire petition submitted into the 6th Cir. by plaintiff." (*Id.*)

(11) The petitioner objects to the magistrate judge's rejection of his "repeated references" to Rule 4 of the Rules of Appellate Procedure and her finding that "[a]lthough the petitioner may have believed what he filed with the Sixth Circuit was an appeal, his filing was not an appeal as of right and certainly did not involve a notice of appeal within the scope of Rule 4." (ECF No. 52, at 7–8.) The court understands the petitioner to be objecting on the basis that the magistrate judge could not have known his motion in the Sixth Circuit was not a "proper notice of appeal" because his filings were never transferred to the district court.

With respect specifically to the magistrate judge's finding that equitable tolling was not warranted, the petitioner raises the following objections:

(12) that in the second paragraph of page 3 of the R&R, the magistrate judge referred to the respondent's argument that the petitioner's habeas petition was filed "several months after the statute of limitations had expired" but failed to mention that the petitioner had been waiting for seven months for a ruling from the Sixth Circuit Court of Appeals. The petitioner insists that he is not chargeable with a lack of due diligence and that the Sixth Circuit's failure to rule on his motion until after the statute of limitations had expired constituted circumstances beyond his control of the type that can establish a basis for equitable tolling under *Holland v. Florida*, 560 U.S. 631, ----, 130 S. Ct. 2549, 2662 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); and *Robertson v. Simpson*, 624 F.3d 781, 783–84 (6th Cir. 2010).

(13) That he should not have been expected to file "the same notice of habeas appeals into two different courts simultaneously," as this would constitute an improper "shotgun approach to filing petitions" (ECF No. 55, at 6);

(14) that the magistrate judge's statement at the third paragraph of page 7 of the R&R, that "there was nothing that prevented the petitioner from actually filing a petition for habeas corpus relief in the district court," was erroneous and unfair because "[a]gain petitioner was awaiting a ruling from the 6th Cir[cuit]" (*id.*);

(15) that the magistrate judge's references on pages 2 and 5 of the R&R to September 21, 2011 as the date on which the Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief erroneously implied that the petitioner actually received notice on that date that his application for permission to appeal had been denied. The petitioner contends he did not receive notice until January 2012 both that the Tennessee Court of Criminal Appeals had affirmed the denial of post-conviction relief and that the Tennessee Supreme Court had denied permission to appeal. He claims that, if he had received notice sooner, he "would not have waited five months to file his original habeas appeal . . . into the 6th Cir[cuit]." (ECF No. 55, at 8.) The petitioner insists that the respondent should have the burden of proving that the petitioner was provided notice of the Tennessee Supreme Court's decision on or close to September 21, 2011. The petitioner argues, in short, that his post-conviction counsel's failure to provide timely notice of the Tennessee Criminal Court of Appeals' ruling on post-conviction was an extraordinary circumstance beyond his control that should have further tolled the statute of limitations.

(16) The petitioner acknowledges that ignorance of the law does not trigger equitable tolling but insists that the failure of the assistant attorney general who represented the state in the Sixth Circuit proceedings to notify the petitioner of the legal deadline should trigger equitable tolling. He objects to the magistrate judge's finding to the contrary, citing *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), and *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The petitioner argues that he was never informed that the deadline for filing a habeas petition expired on April 23, 2012 until after that deadline had already passed and that this "undue surprise" was prejudicial and warrants tolling of the statute of limitations. (ECF No. 56, at 3.)

(17) At the same time, the petitioner objects to the magistrate judge's finding that "the initial response filed by the respondent in the Sixth Circuit proceedings on February 24, 2012, alerted the petitioner to the fact that he had never filed a petition for relief under Section 2254 in the district court," on the basis that he should not be expected to "take legal cues from the A.G.'s office," since that office is his legal "adversary." (ECF No. 55, at 13.)

(18) The petitioner also objects to the magistrate judge's finding that he is "presumed to have knowledge of the time limits for filing a habeas petition." (ECF No. 56, at 5.) Again citing *Dunlap*, he insists that this is an erroneous presumption because the respondent's attorney in the Sixth Circuit proceedings never informed him of the deadline and, therefore, it was reasonable for him to remain ignorant of the deadline.

(19) The petitioner objects to the magistrate judge's finding that the petitioner's failure to submit his habeas petition in the proper court on the proper form was "simply the result of ordinary neglect and error." (ECF No. 55, at 11, quoting R&R at 9.) He insists that the perceived error was not ordinary neglect.

(20) Finally, the petitioner argues that limited access to a law library was also a circumstance beyond his control that further supports equitable tolling of the statute of limitations. The petitioner avers that he was "locked down 24 hours from Feb. 22, 2012 for several months, fed sub-standard portions for months" (ECF No. 55, at 13), and later was on "24 hour lockdown since July 29, 2012" (ECF No. 55, at 12), and that these factors contributed to prevent his access to legal materials and services.

III.    **STANDARD OF REVIEW**

The standard applying to the district court's review of a magistrate judge's report and

recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, no particular standard is prescribed by the applicable rules. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, concerning those portions of Magistrate Judge Griffin's R&R to which the petitioner has not objected, the court need not conduct a review.

If a party does object to portions of a report and recommendation, the court must review those portions *de novo*, in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. This rule states, in relevant part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The court therefore considers anew the objections and arguments raised by the petitioner, as set forth above.

## III.     DISCUSSION

### A.     Objections 1–3: Failure to Address Substantive Issues

The petitioner's first three objections (as numbered by the court, above) are overruled. The magistrate judge's articulation of the grounds for relief stated in the petition mirrored those grounds actually set forth in the petition, and the petitioner never sought permission to amend his petition. Moreover, because the magistrate judge found that the petition in its entirety was barred by the statute of limitations, she had no need to consider or even to enumerate the petitioner's grounds for relief, particularly as these did not include a claim of actual innocence. Likewise, resolution of the respondent's motion to dismiss did not call for addressing unrelated claims raised in other actions filed by the petitioner.

### B.     Objections 4–11: The Sixth Circuit Proceedings

With respect to Sherwood's insistence that his documents in the Sixth Circuit were not properly filed and were never made available to the district court, the court observes that the Sixth Circuit docket sheet and documents from the petitioner's action in that court, *In re Sherwood*, No. 12-5138, are available online to this court, in their entirety. The documents available online include (1) the petitioner's motion to file a second or successive petition, which itself consists of four pages, plus approximately thirty pages of exhibits, including the respondent-appellee Cheryl Blackburn's brief in the Tennessee Court of Appeals

responding to Sherwood's appeal of the denial of his state court petition for the writ of mandamus; (2) the petitioner's "28 U.S.C.A. § 2254 Constitutional Amendment 14 Modification of Complaint Regarding Tennessees Supreme Court Denying Plaintiff Appellate Relief," filed February 29, 2012, which states that it amends the previous petition in the Sixth Circuit "requesting . . . relief of conviction that resulted from violations of plaintiffs constitutional rights  . . . by the Davidson County Criminal Court Judge Cheryl Blackburns abuse of discretion and ineffective counsel"; (3) the petitioner's "Verified Petition for Writ of Certiorari 28 U.S.C.A. § 2254" and 95 pages of exhibits, including excerpts from the trial transcript; (4) "28 U.S.C.A. § 2254 Modification of Petition for Writ of Certiorari – Certificate of Service" and "Modification of Appeal as of Right Regarding Tennessee Supreme Courts Denying Plaintiff Relief from Conviction in Violation of Plaintiffs Constitutional Rights Under Due Process. 28 U.S.C.A. § 2254," to which are attached the petitioner's motion for change of venue and approximately 75 pages of exhibits; (5) Sherwood's "Reply" to the state's response in opposition to the petitioner's "Application for Relief," with approximately 15 pages of exhibits; (6) Sherwood's "Motion for Sixth Circuit Court of Appeals to Issue a Mandate for the Elimination of Tn. R. Cr. P. 16(a)(2)," to which is also attached a "Modification of 28 U.S.C. § 2254 Petition" and several exhibits; and (7) Sherwood's "Motion to Withdraw habeas corpus and writ of certiorari and transfer to court of jurisdiction, Federal District Court, Middle District, Nashville, Tennessee."

In other words, it appears that the Sixth Circuit record is complete and contains all of the documents the petitioner believes were somehow "fraudulently concealed" or not made available to this court simply because the Sixth Circuit Court of Appeals denied the petitioner's motion to transfer. Magistrate Judge Griffin had no need to require the respondent to submit the appellate court record to this court. Moreover, the context of the magistrate judge's opinion makes it clear that she reviewed the Sixth Circuit filings, as has this court. Sherwood's objections based on this court's or the magistrate judge's purported unfamiliarity with his filings in the Sixth Circuit are therefore without merit.

More to the point, this court had no need to review Sherwood's filings in the Sixth Circuit. To the extent that the petitioner takes issue with the Sixth Circuit's characterization of his motion in that court as

a motion for permission to file a second or successive petition rather than as an actual habeas petition,[5] this court has no authority to review that decision. Likewise, insofar as the petitioner continues to contest the Sixth Circuit's denial of his motion to transfer the proceedings in that court to this court, whether under Rule 4(d) of the Federal Rules of Appellate Procedure, under Tennessee law, or under federal law, this court has no authority to review or reconsider that decision. The petitioner's characterization of his habeas petition in this court as a "resubmission" is therefore irrelevant. His objection to the magistrate judge's footnoted finding that the petitioner never submitted an actual petition for habeas corpus to the Sixth Circuit that could have been transferred to this court is irrelevant for the same reason.

Sherwood's filings in the Sixth Circuit and his filings in this court demonstrate a fundamental lack of understanding of the relationship between the state court system and the federal court system and the function of a petition for habeas corpus under § 2254. After his conviction became final, the petitioner pursued post-conviction relief in the state courts. His petition was denied by the trial court and that denial was affirmed by the Tennessee Court of Criminal Appeals. The Tennessee Supreme Court denied the petitioner's application for permission to appeal to that court. At that juncture, his state court proceedings terminated, although the petitioner could have, but did not, seek a writ of certiorari from the United States Supreme Court. Thereafter, the petitioner did not have the right or ability to "appeal" the state courts' resolution of his petition for post-conviction relief to the federal courts.

The avenue left open to the petitioner at that point was to file a petition for the writ of habeas corpus under 28 U.S.C. § 2254. The Rules Governing § 2254 Cases provide, among other things, that such a petition must be filed in a United States District Court and must name as the respondent the "state officer who has custody" of the petitioner. Rule 2, Rules Gov'g § 2254 Cases. Rule 4(d) of the Federal Rules of Appellate Procedure pertains to notices of appeal mistakenly filed in the Court of Appeals. It says *nothing* about petitions for the writ of habeas corpus (or writ of certiorari) mistakenly filed in the Court of Appeals. Rule 4(d) simply has no application to these proceedings.

The petitioner continually refers to his "appeal as of right" in the Sixth Circuit. An appeal as of right, as the term is used in the Federal Rules of Appellate Procedure, is by definition an appeal from a

---

[5] The petitioner himself continually refers to his filing in the Sixth Circuit as a "notice of appeal as of right" or a "appeal as of right petition" (*see, e.g.*, ECF No. 55, at 1, 3, 7; ECF No. 56, at 2, 4, 6, 7, 8)—

judgment in the federal district court to the appropriate federal court of appeals. *See* Fed. R. App. P. 3(a) ("An appeal permitted by law *as of right from a district court to a court of appeals* may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." (emphasis added)).

Sherwood's objections relating to the characterization of his motion in the Sixth Circuit and the Sixth Circuit's refusal of his motion to transfer the proceedings from that court to this court simply have no bearing on the timeliness of his petition in this court and, therefore, will be overruled.

###    C.    Whether the Statute of Limitations Should Be Equitably Tolled, Objections 12–20

The statute of limitations that governs the filing of habeas petitions by state prisoners challenging their conviction or sentence provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

The statute also provides that the limitations period is tolled the entire "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, the judgment of conviction became final on August 13, 2007, the last day on which the petitioner could have filed a petition in the United States Supreme Court for a writ of certiorari. The statute of limitations began running the next day, on August 14, 2007.

The limitations period ran for 150 days, until it was stopped on January 11, 2008, the day the petitioner filed his state post-conviction petition. It remained tolled, or stopped, until September 21, 2011, when the Tennessee Supreme Court denied Sherwood's application for permission to appeal to that court. The limitations period under § 2244(d)(1) began running again on September 22, 2011. At that point, 215 days of the 365-day limitations period remained on the clock. *Cf. Lawrence v. Florida*, 549 U.S. 327, 330 (2007) (presuming without discussion that the one-year limitations period under § 2244(d) consists of 365 days). The limitations period therefore expired on April 23, 2012, unless it was tolled for

some reason.[6] The petitioner does not seriously dispute this calculation.

The Supreme Court has recognized that the limitations period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, ----, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, Sherwood must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007). However, the doctrine of equitable tolling is used sparingly by federal courts, and the party seeking equitable tolling bears the burden of proving he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citations omitted).

The petitioner insists that the circumstances in his case warrant equitable tolling, including:

(1) that he filed his motion in the Sixth Circuit before the expiration of the statute of limitations, and it was not his fault that he waited seven months for the Sixth Circuit Court of Appeals to issue a decision denying his motion and denying his motion to transfer the motion to this court;

(2) that he could not have been expected to file "the same notice of habeas appeals into two different courts simultaneously," as this would constitute an improper "shotgun approach to filing petitions" (ECF No. 55, at 6);

(3) that the petitioner did not receive notice that his application for permission to appeal had been denied by the Tennessee Supreme Court, or even that the Tennessee Court of Criminal Appeals had affirmed the denial of his petition for post-conviction relief, until sometime in January 2012, and that his attorney's failure to provide timely notice of the Tennessee appellate courts' decisions constitutes an extraordinary circumstance beyond his control, and further, that he should not have been presumed to know the deadline since no one informed him of it until after it had already passed;

(4) that the failure of the assistant attorney general who represented the state in the Sixth Circuit proceedings to notify the petitioner of the legal deadline date for filing his habeas petition should trigger equitable tolling;

(5) that the petitioner was not put on notice of the deadline by the government's response to his

---

[6] Even if the court presumes the one-year period to be 366 days in this case, because 2012 was a leap year, that one day makes no difference in the question of whether the petition was timely.

motion in the Sixth Circuit because he should not be expected to "take legal cues" from his "adversary" in the attorney general's office (ECF No. 55, at 13);

(6) that the petitioner had limited access to the law library and legal materials and "sub-standard" food rations for a substantial part of 2012, which constitute circumstances beyond his control that support equitable tolling of the statute of limitations; and

(7) that all these factors support a conclusion that the petitioner's failure to submit his habeas petition in the proper court on the proper form was not "simply the result of ordinary neglect and error." (ECF No. 55, at 11, quoting R&R at 9.)

The Supreme Court and the Sixth Circuit have defined the "extraordinary circumstances" that might warrant equitable tolling of the statute of limitations very narrowly. In *Holland*, the Court reiterated its prior holding that "a garden variety claim of excusable neglect" will not warrant equitable tolling, but the Court also held that an attorney's professional misconduct might, on some occasions, be egregious enough to meet the "extraordinary circumstances" standard. The Court noted that the facts before it in that case "suggest[ed]" that the attorney's misconduct went far beyond "garden variety" or "excusable neglect." *Holland*, 130 S. Ct. at 2564. The Court also observed that an attorney's simple failure to file a habeas petition on time and his unawareness of the date on which it was due, alone, might have constituted simple negligence, but that the evidence in *Holland* showed that the petitioner had sent the attorney many letters emphasizing the importance of filing a timely petition, even going so far as to identify the applicable rules; that the attorney had failed even to notify the petitioner in timely fashion of the date on which the Florida Supreme Court had decided his case, despite numerous letters from the petitioner requesting that information; and that the attorney had failed to communicate at all with his client for a period of years, despite letters from the petitioner pleading for information. Because the district and appellate courts had not even considered the question, the Court remanded for a determination of whether these facts indeed constituted extraordinary circumstances.

In *Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010), also relied upon by the petitioner here, the district court dismissed the habeas petition as untimely. The Sixth Circuit reversed, noting that an attorney's misadvising a client about a deadline due to the attorney's cocaine use might constitute an extraordinary circumstance that warrants equitable tolling, and remanded to the district court for additional

fact-finding on that question.

Neither of these cases helps the petitioner in this case. At worst, according to Sherwood's statements, his attorney failed to notify him for a period of four months that the Tennessee Supreme Court had denied his request for permission to appeal. At that point, the petitioner still had more than three months left of the limitations period. It therefore does not appear that he was seriously prejudiced by his attorney's alleged failure to provide him timely notice. Sherwood's claim that the state should have the burden of "proving" he received notice on or near the date of the Tennessee Supreme Court's decision is simply wrong, because the petitioner bears the burden of proving the facts that support his claim of equitable tolling. *Robertson*, 624 F.3d at 784; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The petitioner's other arguments are also unavailing. While the petitioner had no control over the length of time it took the Sixth Circuit to reach a decision in his case, the petitioner could have filed his petition in this court without waiting for that decision, his protestations to the contrary notwithstanding.

The petitioner's claim that he should not be presumed to know the deadline for filing a habeas petition (or the correct court in which to file it) is also legally untenable. *See McClendon v. Sherman*, 329 F.3d 490, 494–95 (6th Cir. 2003) (rejecting the petitioner's claim that he was entitled to equitable tolling because he did not have actual knowledge of the filing deadline, finding that the petitioner should have known of the one-year limitations period and thus the deadline from decisions issued by the Sixth Circuit itself); *cf. United States ex rel. Ford v. Page*, 132 F. Supp. 2d 1112, 1116 (N.D. Ill. 2001) ("Ford's status as a *pro se* litigant does not excuse him from compliance with the relevant rules of procedural and substantive law, including the time period for filing a federal petition."). Further, the attorney for the state certainly had no legal or ethical responsibility to notify him of the filing deadline.

Likewise, Sherwood's limited access to the law library certainly did not prevent him from making numerous and lengthy filings between January and July 2012, while his motion was pending in the Sixth Circuit. Regardless, even if he had relatively limited access to legal materials during that time frame, he has not shown that this was an extraordinary circumstance—most prisoners are subject to some limitation on their access to a law library and legal materials. *Cf. Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court

documents, do not by themselves qualify as extraordinary circumstances."); *Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."); *United States ex rel. Ford v. Page*, 132 F. Supp. 2d 1112, 1116 (N.D. Ill. 2001) ("[T]hat a prison was sometimes on lock-down, preventing access to the prison law library, does not establish 'extraordinary circumstances' justifying equitable tolling.").

Finally, the court rejects the petitioner's implication that these various factors, considered together, warrant a finding of extraordinary circumstances. The petitioner himself was responsible both for knowing the filing deadline and the appropriate court in which to file his habeas petition. His failure to verify that information and his continued pursuit of claims against Judge Blackburn in the Sixth Circuit amounted to simple negligence and ignorance of the law, as Magistrate Judge Griffin found.

The petitioner's objections to the Magistrate Judge's findings and conclusions are without merit.

## IV.    CONCLUSION

For the reasons set forth herein, the petitioner's objections to Magistrate Judge Griffin's R&R will be overruled. The court will accept the R&R, grant the respondent's motion to dismiss, and dismiss this petition in its entirety as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. Courts should not issue a COA as a matter of course. *Id.*

In this case, the court has not reached the question of whether the petitioner showed the denial of a constitutional right. The issue, rather, is whether extraordinary circumstances justify the tolling of the statute of limitations in order to permit review of the merits of an otherwise untimely petition under § 2254. Because this area of law is evolving, and because the factual circumstances presented are somewhat unusual insofar as the petitioner's motion in the Sixth Circuit was filed before the statute of limitations expired, the court will issue a COA on the question of whether extraordinary circumstances warranted equitable tolling in this case.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge